UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUAN TRINIDAD**<br><br>Plaintiff,<br><br>v.<br><br>**EQUILON ENTERPRISES LLC**<br><br>Defendant. | **CIVIL CASE NO. 20-_____**<br><br>**SECTION: \_\_**<br><br>**DIVISION: \_\_**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND JURY DEMAND**

**JUAN TRINIDAD** (**"PLAINTIFF"**) respectfully submits the following Complaint against **EQUILON ENTERPRISES LLC**:

**Parties**

1.

**EQUILON ENTERPRISES LLC ("DEFENDANT")**, is a foreign limited liability company licensed to do and doing business in the State of Louisiana, which is domiciled in Delaware with its principal business establishment in Louisiana located at 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808, who at all material times has appointed CT Corporation System as its duly authorized agent for service of process, and who can be served at 3867 Plaza Tower Dr., Baton Rouge, La 70816. **DEFENDANT** is liable until **PLAINTIFF** as further described herein.

2.

**JUAN TRINIDAD** is a resident of and domiciled in Jefferson Parish, Louisiana.

### Jurisdiction and Venue

3.

This Honorable Court has jurisdiction pursuant to 28 U.S.C.A. § 1332 in that **PLAINTIFF** is diverse in citizenship from **DEFENDANT** and its individual members and in that the claims in controversy in this matter exceed the sum of $75,000 exclusive of interest and costs. Venue is proper as the incident claimed of occurred in St. Charles Parish at the Shell Norco facility located at 15536 River Road, Norco, Louisiana 70059 (the "Facility"). **DEFENDANT** is subject to jurisdiction and venue within this Honorable Court's territorial jurisdiction.

4.

**DEFENDANT** has significant ties to and/or regularly conducts and transacts business within this district and venue, particularly within St. Charles Parish at the Facility.

### Factual Allegations

5.

On or about December 10, 2019, **JUAN TRINIDAD** was installing scaffolding near a Residual Catalytic Cracking Unit ("RCCU") at the Facility while employed by BrandSafway LLC ("BrandSafway"), a scaffolding vendor used by **DEFENDANT** at the Facility, which Facility, upon information and belief, is owned and/or operated by **DEFENDANT**.

6.

On or about December 10, 2019, **JUAN TRINIDAD** arrived at the Facility in the morning hours to begin work. JUAN TRINIDAD was never advised, informed, or made aware of a vent stack silencer and/or containment device in the work area that could or would overflow with hot

2

water condensate. **JUAN TRINIDAD** was installing scaffolding near a residual catalytic cracking unit ("RCCU") at the Facility when hot water condensate vented from the silencer on a vent stack on the RCCU and the hot water condensate fell onto **JUAN TRINIDAD**, severely burning **JUAN TRINIDAD**.

7.

The following day, a message from the General Manager of the Facility was sent in response to the incident. The message indicated, *inter alia*, that an investigation had been initiated, that certain systems should be checked for the possibility of hot condensate pooling, that lessons should be learned from this event, and that a safety awareness alert would be issued.

8.

Upon information and belief, the hot water condensate pooled in and overflowed the vent stack silencer and/or containment device because of a clog in the piping system of the vent stack silencer and/or containment device for hot water condensate that severely burned **JUAN TRINIDAD**.

9.

Upon information and belief, the Occupational Safety and Health Administration ("OSHA") conducted an inspection and issued a report in response to the incident.

### Count One: Negligence

10.

**PLAINTIFF** incorporates and re-alleges each of the foregoing paragraphs as though set forth in full herein.

11.

**PLAINTIFF** asserts that **DEFENDANT** was negligent in the preparation, operation, layout, maintenance, and processes, of the vent stack silencer, containment device, associated piping, and area of the Facility where the vent stack silencer, containment device, and/or associated piping was located.

12.

Further, at all material times, the activities of all as yet unidentified employees, personnel, borrowed servants, contractors, or agents of **DEFENDANT** who were involved in the operation, set up, layout, maintenance, processes, and safety features of the Facility, did so while in the course and scope of their employment with **DEFENDANT**. Accordingly, **DEFENDANT** is at all material times liable under the doctrine of *respondeat superior* for the negligence of its employees, personnel, borrowed servants, contractors, or agents.

13.

The incident described herein was caused through no negligence on the part of **JUAN TRINIDAD**. At all material times, **JUAN TRINIDAD** was working safely, was properly trained, was employing proper safety procedures and protocols, and was carrying out his work in accordance with **DEFENDANT'S** instructions.

14.

As a result of **DEFENDANT'S** negligence, **JUAN TRINIDAD** suffered severe injuries, as well as other damages enumerated herein. **JUAN TRINIDAD'S** treatment has involved painful procedures. Further, the stress related to **JUAN TRINIDAD'S** treatments has been multiplied by having to undergo treatment during the COVID-19 pandemic.

15.

**DEFENDANT** is liable unto the **PLAINTIFF** for the following non-exclusive reasons, to wit:

1. Failing to provide or ensure a safe place to work.
2. Failing to follow the applicable safety rules, regulations, and policies in the preparation, operation, layout, maintenance, and processes of the vent stack silencer and/or containment device and associated piping.
3. Failing to comply with all applicable OSHA and other safety rules and regulations.
4. Responsibility for the negligence of BrandSafway, its employees, supervisors, and contractors.
5. Failing to comply with, implement, and/or obtain appropriate OSHA and other safety documentation.
6. Failing to warn **JUAN TRINIDAD** of a condition which could or may cause injury.
7. Failing to render safe an unreasonably dangerous condition which it knew or should have known existed at all material times.
8. Failing to remove a hazard from the Facility of which it knew or should have known.
9. Permitting a vent stack silencer, containment device, and/or associated piping at its Facility with inadequate features to exist or occur presenting a risk of harm to **PLAINTIFF** which was foreseeable.
10. Permitting its employees, contractors, and others, including **JUAN TRINIDAD**, to work in the area at issue at the Facility when it knew or should have known that working in that area presented a hazardous condition that rendered the Facility and work environment unsafe and unfit for use by individuals such as **JUAN TRINIDAD**.

11. Failing to empty, shut down, remove, adjust, move, or reposition the vent stack silencer, containment device, and/or associated piping at issue, or requesting same, causing the accident made the subject of this litigation.

12. Failing to advise or warn of a vent stack silencer and/or containment device in the work area that could or would overflow with hot water condensate on the date in question, thus failing to identify potential hazards for those working at the Facility and warn of same or prevent the accident made the subject of this litigation.

13. Failing to provide reasonable and safe access to the worksite for **JUAN TRINIDAD**.

14. Failing to maintain the premises in a safe condition, which caused **PLAINTIFF'S** injuries and accident.

15. Failing to adhere to **DEFENDANT'S** policies and procedures in connection with the scaffolding, vent stack silencer, containment device, associated piping, and/or hot water condensate.

16. Failing to inspect and make safe the Facility prior to access by users such as **JUAN TRINIDAD**.

17. Failing to have and/or implement appropriate procedures and controls for the purpose of identifying hazards, such as that complained of herein, and further failing to remedy such hazards.

18. Failing to follow its own or any other contractors' safety rules, regulations, and policies in connection with the RCCU, the vent stack silencer, the containment device, and/or the associated piping.

19. Failing to analyze the job to be performed by **JUAN TRINIDAD** and implement a plan or take corrective measures which would have prevented the accident prior to **JUAN TRINIDAD** beginning the job.

20. Failing to remedy a hazardous condition that it knew or should have known of upon a reasonable investigation of the premises and/or work site.

21. Failing to inspect the Facility, the RCCU, the vent stack silencer, the containment device, the associated piping, and the scaffolding at issue for safety purposes and to ensure the area where the scaffolding was being installed was fit for use and safe for individuals such as **JUAN TRINIDAD** to work upon or near.

22. Failing to supervise and coordinate the efforts of its contractors and employees who were expected to be working with, or in proximity to, contractors.

23. Failing to provide equipment for or ensure there was adequate and sufficient communication and/or communication equipment by and between the multiple contractors who performed services at the time of **PLAINTIFF'S** injuries.

24. Failing to ensure all necessary safety features by all contractors involved at its Facility.

25. Failing to ensure all personnel at the Facility complied with OSHA and all other private or public safety rules, regulations, and policies at all material times pertinent.

26. Conducting and/or permitting ultra-hazardous activities to occur at the Facility without taking all necessary precautions or ensuring/providing for the necessary personnel and equipment under the circumstances.

27. Failing to take all appropriate actions and implement all appropriate policies and procedures necessitated by all mandates of OSHA and all other applicable rules,

regulations, and safety policies pertinent to all procedures being performed by **JUAN TRINIDAD**, his coworkers, and/or other personnel.

28. Negligent preparation, operation, setup, layout, maintenance, and processes, of the Facility, the RCCU, the vent stack silencer, the containment device, and/or the associated piping.

29. Any and all other acts of negligence to be proven at the trial of this matter.

30.

As a result of **DEFENDANT'S** negligence, **PLAINTIFF** is entitled to damages. **PLAINTIFF'S** damages could have been prevented by **DEFENDANT'S** exercise of reasonable case. At all times pertinent, **DEFENDANT** failed to exercise such reasonable care.

### Count II: Premises Liability

16.

**PLAINTIFF** incorporates and re-alleges each of the foregoing paragraphs as though set forth in full herein.

17.

Upon information and belief, the Facility was owned and/or operated by **DEFENDANT** at all material times, and **DEFENDANT** exercised *garde* over same at all times pertinent.

18.

As the owner and/or operator of the Facility, **DEFENDANT** is also liable under Louisiana Civil Code Articles 2317 and 2317.1. At the time of the subject accident, the RCCU, the vent stack silencer, containment device, and/or associated piping and safety measures (or lack thereof) at the Facility prevented workers, including **JUAN TRINIDAD**, from conducting their operations in a safe manner. Furthermore, the layout of the RCCU, the vent stack silencer, containment device,

and/or associated piping at the Facility was such that workers could not access their job sites without undue danger or unreasonable risk of harm. At all material times, the RCCU, the vent stack silencer, containment device, associated piping, and/or the Facility were unreasonably dangerous and otherwise a hazard to those working near or around same.

19.

**JUAN TRINIDAD** did not exercise control over the RCCU, the vent stack silencer, containment device, associated piping, and/or the area of the Facility where the incident occurred.

20.

**DEFENDANT** is liable unto the **PLAINTIFF** because **DEFENDANT** knew, or in the exercise of reasonable care, should have known of these hazards and failed to remedy same. As a result, **JUAN TRINIDAD** suffered severe injuries, as well as other damages enumerated herein. **JUAN TRINIDAD'S** treatment has involved painful procedures. Further, the stress related to **JUAN TRINIDAD'S** treatments has been multiplied by having to undergo treatment during the COVID-19 pandemic.

21.

As a result of **DEFENDANT'S** premises liability, **PLAINTIFF** is entitled to damages. **PLAINTIFF'S** damages could have been prevented by **DEFENDANT'S** exercise of reasonable case. At all times pertinent, **DEFENDANT** failed to exercise such reasonable care.

## **Damages**

22.

PLAINTIFF incorporates and re-alleges each of the foregoing paragraphs as though set forth in full herein.

23.

Due to the above-described incident, **JUAN TRINIDAD** suffered severe and disabling injuries that required medical care and remain to this day.

24.

**JUAN TRINIDAD** is entitled to recover damages in connection with the physical, mental, and emotional suffering sustained as a result of this accident and the above-mentioned negligence and liability of **DEFENDANT**.

25.

Due to the above-described negligence and premises liability, **PLAINTIFF JUAN TRINIDAD**, has been caused to sustain the following nonexclusive damages and injuries:

1. Medical expenses (past, present, and future);
2. Physical pain and suffering (past, present, and future);
3. Mental anguish and suffering (past, present, and future);
4. Loss of enjoyment of life and inconvenience (past, present, and future);
5. Loss of wages and/or loss of earning capacity (past, present, and future);
6. Loss of consortium, loss of society, loss of love and affection, loss of household services (past, present, and future); and
7. Any and all other damages to be proven at trial of this matter.

26.

Due to the above-described negligence and premises liability and the injuries and damages caused thereby, **PLAINTIFF** requests damages in a sum not less than seventy-five thousand ($75,000) exclusive of costs and interest.

## Jury Demand

27.

**PLAINTIFF** hereby demands a trial by jury.

## Prayer for Relief

**WHEREFORE**, **JUAN TRINIDAD** prays that the **DEFENDANT, EQUILON ENTERPRISES LLC,** be served with a certified copy of this complaint, summons, and citation and that after due proceedings had, judgment is rendered in favor of **JUAN TRINIDAD** and against **DEFENDANT, EQUILON ENTERPRISES LLC,** for a sum to be determined together with legal interest thereon from date of judicial demand until paid, all cost of these proceedings, attorney fees, and any other relief to which **JUAN TRINIDAD** is legally entitled.

Plaintiff further prays for a trial by jury.

Date: November 13, 2020

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**DANIEL J. DYSART (#33812)**
**WILLIAM L. MIZELL (#36589)**
201 St. Charles Avenue, Suite 4600
New Orleans, LA  70170
Telephone:    504.556.5549
Facsimile:     504.310.0275
Email: kmiller@fishmanhaygood.com
Email: ddysart@fishmanhaygood.com
Email: wmizell@fishmanhaygood.com

*Counsel for Plaintiff*

11