UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUAN TRINIDAD** | **CIVIL ACTION** |
| **VERSUS** | **NO:   20-3100 c/w 20-3126** |
| **EQUILON ENTERPRISES LLC** | **SECTION: "M" (4)** |

## ORDER

Before the Court is **Plaintiffs' Motion to Compel Discovery Responses Of Equilon Enterprises, LLC (R. Doc. 19)** seeking adequate responses to their Interrogatories and Requests for Production. This motion is opposed. R. Doc. 24. Plaintiffs filed a reply. R. Doc. 30. This motion was set for submission on May 5, 2021 and was heard on the briefs.

### I.   Background

Plaintiffs Juan Trinidad and Joany Zamora filed this complaint in November 2020 following an accident that occurred on December 10, 2019, when hot water condensate fell onto them causing severe burns. R. Doc. 1. Trinidad and Zamora, at the time, were employees of BrandSafway LLC ("BrandSafway"), a scaffolding vendor, and were installing scaffolding near a residual catalytic cracking unit at a facility owned and operated by Defendant Equilon Enterprises LLC ("Equilon"). *Id.* Plaintiffs' treatment involved multiple painful and life-threatening procedures, including multiple debridement procedures, grafts, blood transfusions, and other procedures. *Id.*

Trinidad and Zamora allege that they were never advised, informed, or made aware of a vent stack silencer and/or containment device in the work area that could or would overflow with hot water condensate. *Id.* They claim that Equilon failed to comply with all applicable OSHA and other safety rules and regulations. *Id.* Trinidad and Zamora also claim that Equilon failed to provide a safe work environment and kept their premises in unreasonably dangerous condition. *Id.*

Zamora's spouse, Angelica Davila, also seeks damages for loss of consortium. *Id.*

On March 3, 2021, Plaintiffs propounded their discovery requests. R. Doc. 19. Plaintiffs' discovery request includes fourteen (14) interrogatories, fifty-eight (58) requests for production, and nine (9) requests for Admissions. R. Doc. 19-3. Pursuant to Federal Rules of Civil Procedure Equilion's responses were due on April 5, 2021.

On April 5, 2021, Equilion sent responses to their request for admissions, but stated more time would be necessary to finish the responses on the remaining discovery requests. R. Doc. 19-4. Accordingly, they attempted to set up a Rule 37 status conference to discuss the late discovery. Counsel for Defendant stated she was not available the week of April 5 but stated she would be available April 13, 2021 for a discovery status conference. *Id.* On April 13, 2021, parties held a status conference. *Id.* On April 16, 2021 Defendant submitted the remaining seventy-two (72) discovery requests. R. Doc. 19. That same day, Plaintiff filed the instant motion to compel contending Equilion's discovery request were deficient. *Id.*

Plaintiff contends that Equilion is "play[ing] hide the ball rather than participate in timely, open discovery." *Id.* Plaintiff seeks an order striking Equilion's objections andaffirmative defenses including statutory immunity unless Equilion fully responds in ten (10) days. Plaintiffs also seek an order compelling Equilion's corporate witness to testify in a 30(b)(6) videotaped deposition and pay reasonable expenses incurred with the filing of this motion. R. Doc. 19, p. 3. Plaintiffs also mention throughout their motion the upcoming amendment deadline.

Equilion opposes this motion because Plaintiffs failed to hold a proper meet-and-confer following receipt of the written responses. R. Doc. 24, p. 5. Equilion contends that Plaintiff summarily stated that the responses were insufficient, and less than twenty minutes later filed the

2

instant motion to compel. *Id.* Equilion complains that Plaintiff never identified which responses were inadequate. *Id.* Equilion also complains that no corporate deposition has ever been discussed or noticed in this case prior to the filing of the motion. Equilion contends that the motion should be denied . *Id.*

The Court issued a scheduling order on March 23, 2021, setting the deadline for amendment of pleadings on May 14, 2021. R. Doc. 15. The scheduling order also establishes December 30, 2021 as the discovery deadline. *Id.*

## II.     Standard of Review

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure ("Rule") 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.* Similarly, Rule 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Both Rule 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2); 34(a).

Rule 26(b)(1) provides that parties may obtain discovery regarding relevant information to any claim or defense as long as it is nonprivileged. Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

**III.   Analysis**

After reviewing the briefs and supporting documentation from the parties, the Court here is of the opinion that the Plaintiffs failed to attempt to resolve the instant dispute in compliance with Federal Rule of Civil Procedure 37. *See Larkin v. U.S. Dep't of Navy*, No. CIV.A. 01-0527, 2002 WL 31427319, at *2 (Roby, M.J.) (E.D. La. Oct. 25, 2002).

In *Larkin*, the Court held that the propounding party failed to comply with its discovery obligations where, after receiving discovery responses, it decided the responses where inadequate but failed to give the producing party and opportunity to supplement. *Id.* In coming to that decision, the Court noted that the propounding party failed to detail how each response was inadequate and only provided the producing party three and a half hours to supplement before filing the motion to compel. *Id.*

Much like in *Larkin*, in this case Defendant Equilion submitted seventy-two (72) different discovery responses and Plaintiffs sent an email just hours later stating the responses were

generally inadequate. Plaintiffs did not indicate which responses were deficient. Plaintiffs did not give Equilion the opportunity to supplement. In fact, Plaintiffs filed the motion to compel that very day, less than half an hour later. The appended Rule 37.1 Certificate does not indicate any good faith attempt *after the discovery responses were received* to resolve the dispute without judicial intervention. In addition, in reading the motion, the Court is only left to guess which discovery responses Plaintiffs consider deficient out of a batch of seventy-two (72). The Court, finds, this "opportunity provided by the [Plaintiffs] was woefully inadequate and violates the spirit and purpose of the rule." *Id.*

While the Court is cognizant of the impending deadlines, it notes that the discovery deadline is seven months away in December. There is no exigent need that would have necessitated the quickly filed motion. The Court acknowledges Plaintiffs' concern that the pleading amendment deadline is approaching on May 14, 2021. Parties, however, are allowed to amend their pleading after the amendment pleading deadline should good cause exist.[1]

As the Court finds "the attempt to secure a resolution was only a surface attempt without the true intent to accomplish the objectives contemplated by the rule," therefore, the subject motion is denied.   *See id.* Plaintiffs is required to hold a discovery conference with Defendant Equilion and identify the deficient responses, and provide a  reasonable opportunity to respond and supplement its responses after that conference. Should Plaintiffs and Defendant disagreement on any discovery responses after holding these conferences, then and only

---

[1] It is also worth noting that this district has consistently held that newly discovered evidence constitutes good cause to allow an untimely pleading amendment. *See Rivera v. Robinson*, No. CV 18-14005, 2019 WL 4024939, at *2 (E.D. La. Aug. 27, 2019) ("Newly discovered information acquired through discovery . . . constitute[s] good cause for an untimely leave to amend under Rule 16.") (citing *Bayou Liberty Prop., LLC v. Best Buy Stores, LP*, 2015 WL 1415704, at *2 (E.D. La. Mar. 27, 2015)).

then should Plaintiffs file a motion to compel, which indicates to the Court which discovery responses are contested.

Finally, the request for attorneys fees and costs is denied because the motion was improvidently filed.

### IV.     Conclusion

Accordingly,

**IT IS ORDERED** that the **Plaintiffs' Motion to Compel Discovery Responses Of Equilon Enterprises, LLC (R. Doc. 19)** is **DENIED.**

New Orleans, Louisiana, this 10th day of May 2021.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**